ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 28, 2005

Ms. Sherri Sanders
Interim Executive Director
State Board of Dental Examiners
333 Guadalupe, Tower 3, Suite 800
Austin, Texas 78701-3942

Opinion No. GA-0378

Re: Construction and constitutionality of a rider
to the 2006-07 biennial year appropriation to the
State Board of Dental Examiners (RQ-0351-GA)

Dear Ms. Sanders:

You ask through your general counsel about the construction and constitutionality of a rider to the 2006-07 biennial year appropriation to the State Board of Dental Examiners ("SBDE").[1] That provision states:

> (a) It is the intent of the Legislature that none of the funds appropriated above may be used for entering into a contract or agreement or for amendment or extension of a contract or agreement or for administration or oversight of a contract or agreement of any kind or for direct payment to a vendor for goods or services including the administration of examinations unless the vendor is selected following competitive bidding procedures and openness in contracting including:
>
> (1) appropriate advertisement by the agency of the availability of the contract including using the internet and services available for the Texas Building and Procurement Commission;
>
> (2) solicitation by the agency of requests for proposals;
>
> (3) selection of a vendor based on the best value for the state;
>
> (4) multiple bidders;

---

[1] See Letter from Fread Houston, General Counsel, State Board of Dental Examiners, to Honorable Greg Abbott, Texas Attorney General (June 20, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

    (5) use of the master bidder list compiled by the Texas Building and Procurement Commission; and

    (6) other good contracting principles.

   (b) It is the intent of the Legislature that this rider apply to all contracts and agreements and to all amendments or extensions of a contract or agreement or for administration or oversight of any contract or agreement of any kind and for direct payment to a vendor for goods or services including the administration of examinations *without regard to amount.*

General Appropriations Act of May 29, 2005, 79th Leg., R.S., ch. 1369, S.B. 1, art. VIII-16, 2005 Tex. Sess. Law Serv. 4327, 5041 ("Rider 3") (emphasis added). You ask, first, whether "the terms of the rider . . . conflict with the general law set out in Government Code § 2155.132 with regard to delegated purchases and the competitive bidding requirement" or if, on the other hand, the rider "merely direct[s] the SBDE to . . . follow the contracting principles and requirements of law as set out in Government Code § 2155.132." *See* Request Letter, *supra* note 1, at 2. You ask, more specifically, whether the rider attempts to "alter or amend the competitive bidding requirement of Government Code § 2155.132(e) as it applies to the SBDE." *Id.* at 2. Finally, you ask whether the provisions of the rider violate article III, section 35 of the Texas Constitution. *See id.* at 2. Because the questions are so interrelated, we will answer them together.

   Section 2155.132(a) of the Government Code delegates to a state agency "the authority to purchase goods and services if the purchase does not exceed $15,000." TEX. GOV'T CODE ANN. § 2155.132(a) (Vernon 2000). Subsection (b) permits the Texas Building and Procurement Commission ("TBPC") to delegate purchasing to a state agency when the purchase *exceeds* $15,000, but it requires the TBPC to consider particular relevant factors in delegating that authority. *See id.* § 2155.132(b). Subsection (c) directs the TBPC to "monitor the purchasing practices of state agencies that are making delegated purchases . . . to ensure that the certification levels of the agency's purchasing personnel and the quality of the agency's purchasing practices continue to warrant the amount of delegated authority provided by the commission to the agency" and authorizes the TBPC to revoke its delegated authority. *Id.* § 2155.132(c). Subsection (d) requires the TBPC to prescribe, by rule, procedures by which state agencies may make delegated purchases. *See id.* § 2155.132(d). Subsection (e) declares that "competitive bidding, whether formal or informal, is not required for a purchase by a state agency if the purchase does not exceed $2,000, or a greater amount prescribed by commission rule." *Id.* § 2155.132(e). We note that the TBPC has by rule set the current prescribed amount for delegated purchases to state agencies at $5,000. 1 TEX. ADMIN. CODE § 113.11(c)(1) (2004) (Tex. Bldg. & Procurement Comm'n, Delegated Purchases). Subsection (f) lists certain items which are excluded from delegated purchasing under section 2155.132. *See id.* § 2155.132(f). Subsection (g) prohibits the division of related large purchases into small lot purchases in order to evade the statute. *See id.* § 2155.132(g). Finally, subsection (h) requires a state agency making purchases by competitive bidding to (1) "attempt to obtain at least three competitive bids from sources listed on the master bidders list that normally offer for sale the goods being

purchased" and (2) "to comply with Subchapter E" of chapter 2155, which relates to the "master bidders list." *Id.* § 2155.132(h).

Article III, section 35 of the Texas Constitution provides, in relevant part:

> (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

TEX. CONST. art. III, § 35(a). This provision, denominated the "one subject rule," has long been construed by the courts and this office to prohibit the enactment of general legislation in an appropriations bill. *See Moore v. Sheppard*, 192 S.W.2d 559, 562 (Tex. 1946) (rider that prescribes fees charged for unofficial copies and the disposition thereof conflicts with article III, section 35); Tex. Att'y Gen. Op. No. V-1254 (1951) at 10 (rider attached to a general appropriation bill cannot repeal, modify or amend an existing, general law).

In an opinion stating the rules for determining the validity of riders to appropriations bill, the attorney general, more than a half-century ago, declared:

> In addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of the funds, *and provided they do not conflict with general legislation.*

*Id.* at 8 (emphasis added). "The majority of the riders which have been stricken are those which attempt to modify or amend a general statute." *Id.* at 10. Attorney general opinions since the issuance of Opinion V-1254 have consistently held such riders invalid. *See* Tex. Att'y Gen. Op. Nos. JC-0178 (2000) (rider may not impose on distribution of emergency medical services and trauma care funds a formula inconsistent with general law); DM-93 (1992) (rider may not enact exceptions to competitive bidding that are not expressly recognized by the competitive bidding statutes affecting school districts); JM-167 (1984) (rider may not impose on state agency an affirmative duty to enter into contract with a particular organization where statute places decision within discretion of agency); H-321 (1974) (rider may not limit inmate's choice of provider of dental plates where statute permits discretion in selection).

Subsection (b) of Rider 3, in attempting to apply competitive bidding procedures to *all* purchases by the SBDE,[2] regardless of amount, attempts to repeal as to the SBDE subsection (e) of section 2155.132 of the Government Code which, as implemented by the TBPC, permits a state

---

[2]*See supra* at p.2.

agency to make any purchase without competitive bidding where the amount of the contract does not exceed $5,000. *See* TEX. GOV'T CODE ANN. § 2155.132(e) (Vernon 2000). Thus Rider 3, to the extent it applies to purchases that do not exceed $5,000, conflicts with general law and, as a result, contravenes article III, section 35 of the Texas Constitution.

To the extent that Rider 3 applies to contracts the amounts of which exceed $5,000, a more subtle analysis is required. Subsection (a) of Rider 3 does not distinguish between contracts on the basis of amount,[3] whereas section 2155.132 distinguishes between contracts the amounts of which do not exceed $15,000 and those which exceed $15,000. *See id.* § 2155.132. Some provisions of Rider 3, such as the requirement that the SBDE use the master bidder list,[4] appear merely to duplicate requirements of section 2155.132. Other portions may run afoul of statutory competitive bidding provisions or TBPC rules. To the extent that a provision of Rider 3 is merely declarative of existing law, it is not invalid under article III, section 35 of the Texas Constitution. To the extent, however, that a provision of Rider 3 conflicts with general law or attempts to supplement the competitive bidding statutes in a manner not contemplated in those statutes, it contravenes that constitutional provision. *See* Att'y Gen. Op. No. DM-93 (1992) (rider may not enact exceptions to competitive bidding that are not expressly recognized by the competitive bidding statutes affecting school districts); Tex. Att'y Gen. Op. No. V-1254 (1951) (rider may not conflict with or improperly supplement general law).

---

[3]*See supra* at p.1.

[4]*See supra* at p.2.

## S U M M A R Y

To the extent that a rider to the 2006-07 appropriation to the State Board of Dental Examiners purports to require competitive bidding on the agency's contracts which are valued at less than $5,000, the rider attempts to amend section 2155.132(e) of the Government Code and thus contravenes article III, section 35 of the Texas Constitution. To the extent that other provisions of the rider are merely declarative of the general law regarding competitive bidding, they are valid. To the extent that they conflict with or supplement general law, they are invalid.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee